UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. POTTS,<br><br>Plaintiff,<br><br>v.<br><br>M. SOLEIMANI, et al.,<br><br>Defendants. | No. 1:19-cv-01574-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. No. 22) |

Plaintiff James E. Potts is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On October 21, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed without leave to amend due to plaintiff's failure to state a claim or, in the alternative, that plaintiff's claims brought against defendants Dr. A. Youssef and Dr. M. Rizk be dismissed without leave to amend due to plaintiff's failure to state a claim, and that plaintiff's claims brought against defendant Dr. Jim Bentley be transferred to the Sacramento venue within the Eastern District Of California. (Doc. No. 22.) On December 22, 2021, plaintiff filed objections to the findings and recommendations. (Doc. No. 25.)

/////

1

In his objections, plaintiff repeats his allegations that the medications offered to him by defendants in connection with his medical treatment for lung cancer "did little to relieve plaintiff pain" and that defendants demonstrated deliberate indifference to his serious medical needs because they could have instead prescribed Gabapentin for him, which did prove effective for his pain. (*Id.* at 4–5.) Plaintiff again argues in his objections that defendant doctors Youssef and Rizk should have prescribed Gabapentin for him initially, rather than the pain medications they did prescribe, as demonstrated by the fact that the pain specialist to whom plaintiff was eventually referred prescribed the Gabapentin which proved to be effective in treating his pain. However, as the magistrate judge properly concluded, this argument reflects nothing more than a mere difference of opinion among health care providers as to the appropriate course of medical treatment. (Doc. No. 22 at 7.)

The undersigned agrees that plaintiff's allegations are insufficient to support a claim of deliberate indifference to a serious medical need,  This is the case because plaintiff alleged in his first amended complaint (Doc. No. 21 at 6–7) that defendants Youssef and Rizk did in fact prescribe him pain medication and also arranged for him to be seen by a pain specialist when plaintiff continued to receive no relief from his pain.[1] *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.") (quoting *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996)); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (a difference of opinion between medical professionals concerning a diagnosis or appropriate course of treatment does not amount to deliberate indifference to serious medical needs); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

The magistrate judge also correctly concluded that plaintiff's allegations that defendant Dr. Bentley refused to prescribe him Gabapentin upon his arrival at CSP Solano are insufficient to give rise to a cognizable claim of deliberate indifference because plaintiff did not allege in his

---

[1] Indeed, in his objections, plaintiff confirms that the named defendants "offered and or provided plaintiff a course of treatment." (Doc. No. 25 at 4.)

1    FAC that defendant Dr. Bentley refused to prescribe him *any* medication to treat his pain.  (Doc.
2    No. 22 at 7.)  Absent such a factual allegation, plaintiff's allegations as to defendant Bentley, like
3    his allegations against defendant doctors Youssef and Rizk, fail to state a cognizable claim for
4    relief.

5          Next, plaintiff contends that this case was improperly transferred to the U.S. District Court
6    for the Eastern District of California from the Northern District of California, where plaintiff filed
7    his original complaint.  (Doc. No. 25 at 2, 5–6.)  Transfer to this district was proper under 28
8    U.S.C. § 1391(b) because the named defendants reside in this judicial district and a substantial
9    part of the events giving rise to plaintiff's claims took place in this district.  Accordingly,
10   plaintiff's objection on this ground is without merit.

11         In his objections, plaintiff also argues that he should be granted leave to file a second
12   amended complaint to attempt to cure any deficiencies noted in his first amended complaint.
13   (Doc. No. 25 at 6.)  The pending findings and recommendations acknowledged that leave to
14   amend should be freely given (Doc. No. 22 at 8), but concluded that, because plaintiff had
15   previously been granted leave to amend along with guidance from the court regarding the legal
16   standards applicable to the claims he was attempting to assert, the granting of further leave to
17   amend would be futile.  (*Id.* at 9.)   The undersigned is unable to adopt this aspect of the findings
18   and recommendations in full.

19         In his original complaint transferred to this court from the Northern District of California,
20   plaintiff named only doctors M. Soleimani and A. Youssef who allegedly provided him medical
21   treatment at Wasco State Prison as the defendants.  (Doc. No. 1 at 1–2.)  The magistrate judge
22   screened that complaint and concluded that plaintiff had failed to allege facts which, if proven,
23   would establish that either Dr. Soleimani or Dr. Youssef took any action as to plaintiff that
24   resulted in a denial of his constitutional rights.  (Doc. No. 18 at 4.)  Accordingly, the screening
25   order concluded that plaintiff had failed to state any cognizable claim against those defendant
26   doctors and granted plaintiff leave to amend his complaint within thirty days.  (*Id*. at 9.)   After
27   being granted an extension of time to do so, plaintiff filed his first amended complaint which was
28   received by the court on May 26, 2021.  (Doc. No. 21.)  Therein, plaintiff again named Dr.

3

Youssef as a defendant but also, for the first time, named doctors M. Rizk at Wasco State Prison and J. Bentley at CSP Solano as defendants as well. Therefore, it cannot be said that plaintiff's claims against these two newly named defendants had been previously reviewed by the court. Nonetheless, plaintiff alleged in his first amended complaint that both defendant Dr. Youssef and defendant Dr. Rizk were aware of his complaints regarding pain and discomfort and did treat that condition with a drug regimen (with which plaintiff disagreed and found ineffective) and that both of those doctors ultimately referred plaintiff to Dr. Rodriguez, a pain specialist, who recommended that plaintiff receive Gabapentin. (Doc. No. 21 at 6–8.) Given the affirmative allegations of plaintiff's first amended complaint that both Dr. Youssef and Dr. Rizk provided him medical treatment including pain medication and referred him to a pain specialist for review of his condition, the undersigned agrees that the granting of further leave to amend as to these two defendants would be futile. The crux of plaintiff's claim against defendant Dr. Youssef and defendant Dr. Rizk is, at most, an alleged difference of opinion among medical professionals as to the proper course of plaintiff's treatment. Under the authorities cited above, while such allegations may support a claim of negligence or medical malpractice, they cannot support a cognizable Eighth Amendment claim. Moreover, given the affirmative nature of those allegations as to these two doctors, plaintiff could not in good faith allege any facts that would cure this deficiency. Therefore, the court will adopt the recommendation that defendants Youssef and Rizk be dismissed from this action without leave to amend.

The same cannot be said, however, as to defendant Dr. Bentley who allegedly provided medical care to plaintiff at CSP Solano and was named as a defendant for the first time in the first amended complaint. In that operative pleading plaintiff merely alleges that defendant Dr. Bentley "failed or refused to provide plaintiff with a treatment plan that effectively treated his pain" and "told plaintiff that as long as he was his doctor, Plaintiff would never receive [Gabapentin]." (Doc. No. 21 at 8.) For the same reasons discussed above as to defendants Youssef and Rizk, this allegation is insufficient upon which to base an Eight Amendment claim. However, while arguable, it appears plaintiff has not affirmatively alleged that defendant Dr. Bentley provided him with other pain medications (albeit medications that plaintiff disagreed

were what he needed). Thus, it is conceivable plaintiff could amend his complaint and provide factual allegations stating a cognizable claim against defendant Dr. Bentley and that granting leave to amend in this regard would not necessarily be futile.[2]

Finally, the pending findings and recommendations correctly concluded that the appropriate venue for any claim brought by plaintiff against defendant Bentley would be in the Sacramento venue of this district because the events giving rise to that claim took place at California State Prison – Solano. (Doc. No. 22 at 8.) Local Rule 120(f) provides that "[w]henever in any action the court finds . . . that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District." Because plaintiff has failed to state a claim against defendants Youssef and Rizk, but may conceivably be able to cure the pleading deficiencies with respect to the claim he is attempting to bring against defendant Bentley by alleging additional facts, the proper venue for further proceedings in this action is the Sacramento venue of this district.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to in part be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on October 21, 2021 (Doc. No. 22) are adopted;

2. Plaintiff's claims against defendants A. Youssef and M. Rizk are dismissed without leave to amend due to plaintiff's failure to state a cognizable claim;

---

[2] Plaintiff is forewarned, however, that he should only file a second amended complaint as to defendant Dr. Bentley if he can do so in good faith. If all plaintiff can allege in good faith is that Dr. Bentley treated him with other pain medications and that plaintiff believes Dr. Bentley should have treated him with Gabapentin in keeping with Dr. Rodriguez's recommendation, plaintiff should merely inform the court that he wishes to stand on the allegations of his first amended complaint.

5

3. Plaintiff's claim against defendant Dr. Bentley is dismissed for failure to state a cognizable claim and plaintiff is granted leave to file a second amended complaint within thirty days of the date of the service of this order;

4. This case is hereby transferred to the Sacramento venue of the Eastern District of California and all future filings in this case should be filed in Sacramento; and

5. The Clerk of the Court is directed to close this case in the Fresno venue upon its transfer to Sacramento.

IT IS SO ORDERED.

Dated: **April 7, 2022**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE